1    **Robert I. Sanders, OSB 70125**
     Email: ris@woodtatum.com
2    **Todd A. Zilbert, OSB No. 89144**
     Email: taz@woodtatum.com
3    **Wood Tatum**
     6915 SW Macadam Avenue, Suite 115
4    Portland, Oregon 97219
     Tel:  (503) 224-5430
5    Fax: (503) 241-7235

6
     **George M. Chalos** (*admitted pro hac vice*)
7    Email: gmc@chaloslaw.com
     **Chalos & Co, P.C.**
8    123 South Street
     Oyster Bay, New York 11771
9    Telephone:  (516) 714-4300
     Facsimile:  (516) 750-9051
10
           Attorneys for Plaintiffs
11         OS Shipping Co. Ltd., and
           Assuranceforenigen Skuld (Gjensidig)

12

13                  IN THE UNITED STATES DISTRICT COURT

14                      FOR THE DISTRICT OF OREGON

15

16   **OS SHIPPING CO. LTD., and**                )
     **ASSURANCEFORENIGEN SKULD**                  )    Case No. Case No. 3:11-cv-377-BR
17   **(GJENSIDIG)**, **on its behalf and as subrogee of** )
     **OS SHIPPING CO. LTD.,**                     )
18                                                 )               **IN ADMIRALTY**
                        Plaintiffs,                )
19                                                 )
                        v.                         )    **PLAINTIFF'S MEMORANDUM IN**
20                                                 )    **SUPPORT OF MOTION FOR**
     **GLOBAL MARITIME TRUST(S) PRIVATE**          )    **INTERLOCUTORY SALE OF**
21   **LIMITED,  JS  LINE  SA,  and  HONG  JAE**   )    **M/V GMT VENUS**
     **HYUNG a/k/a JAY H. HONG**                   )
22                       Defendants.
23

24

25

26

**PAGE - 1**      **PLAINTIFF'S MEMORANDUM IN SUPPORT**          CHALOS & CO, P.C.
                  **OF MOTION FOR INTERLOCUTORY SALE**           123 South Street
                  **OF THE M/V GMT VENUS**                       Oyster Bay, New York 11771
                                                                 Telephone:  (516) 714-4300

1

**INTRODUCTORY STATEMENT**

2

On May 6, 2011, this Honorable Court issued its Opinion and Order denying Defendant JS

3

LINE SA's ("JSL") Motion to Vacate the attachment of the M/V GMT VENUS.  *See* Docket #75.

4

In reviewing the applicable Ninth Circuit Court of Appeals standard and the facts before the Court

5

on the record, Your Honor held:

6

7
> In summary, the Court concludes Plaintiffs have met their probable-cause burden
> to show it is reasonably likely they will prevail on their alter-ego claim under

8
> either or both prongs of the federal common-law test for alter-ego liability . . .
> *Id.*, p. 30.

9

10

Counsel for Plaintiff ASSURANCEFORENIGEN SKULD (GJENSIDIG) (hereinafter

11

"SKULD" or "Plaintiff") promptly sought to confer with counsel for JSL on Monday, May 9, 2011

12

in accordance with the directive of this Honorable Court. *Id.*, p.31.  On the afternoon of Monday,

13

May 9, 2011, JSL forwarded notice from the vessel's agent, Wilhelmsen Ship Service, that the

14

vessel's costs and expenses have remained unpaid by JSL during its time in the port of Portland.

15

Counsel for Plaintiff again requested prompt conferral with counsel for JSL in order to discuss the

16

fees and the appropriate course of action for payment of same.

17

18

Specifically, the M/V GMT VENUS is required by a Captain of the Port Order issued by the

19

United States Coast Guard to maintain armed security guards on board the vessel, due to the vessel's

20

non-conformity with the International Ship and Port Security (ISPS) Code.  *See* Declaration of

21

George M. Chalos, Exhibit 2.  As a result, the M/V GMT VENUS is accruing security guard costs at

22

the rate of USD 3,840.00 per day, for a total of USD 176,640.00 since the time of attachment, some

23

forty-six (46) days ago[1].

24

25

26

---
[1] Despite the clear obligation to pay for the required security guards, Owner JSL has failed and is otherwise refusing to
remit payment for the outstanding balance.

**PAGE - 2**     **PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION FOR INTERLOCUTORY SALE
OF THE M/V GMT VENUS**

CHALOS & CO., P.C.
123 South Street
Oyster Bay, New York 11771
Telephone:  (516) 714-4300

1    The security guard amount does not include the *custodia legis* expenses which have been

2    incurred to maintain and preserve the ship during its attachment, nor does it include the daily

3    running costs of the vessel.  Despite the repeated requests for a conference on urgent matters relating

4    to the GMT VENUS, opposing counsel failed, neglected, and/or otherwise refused to meaningfully

5    confer with Plaintiffs until late in the afternoon of Wednesday May 11, 2011 (*i.e.* 3:30 PM (PDT)).

6    Prior to the conference, although the idea of substitute security was proposed, Defendant JSL failed

7    to meaningfully provide any indicia of a *bona fide* willingness (or ability) to post substitute security.

8

9    Moreover, the present market value of the vessel is only estimated to be in the range of USD

10    4,900,000.00.  *See* Declaration of George M. Chalos, Exhibit 3. Given the exorbitant costs and

11    expenses accruing daily compared to the value of the ship, Plaintiff believes the Defendant's failure

12    to provide security for the release of the GMT VENUS is deliberate and unreasonable.   For the

13    reasons more fully set forth herein, this Honorable Court should order an interlocutory sale of the

14    vessel to preserve her value.

15

16                           **POINT I**

17             **REQUEST TO SHORTEN TIME**
             **PURSUANT TO FED. R. CIV. P. 6(c)(1)(C)**

18

19    Plaintiff has promptly notified Defendant JSL of its intention to file the within motion and

20    also its intention to request briefing on an expedited basis.  Simultaneous with filing, Plaintiff has

21    forwarded a copy of the motion and supporting documents to counsel for JSL.   The Local Rules of

22    the District of Oregon provide an opposing party fourteen (14) days to file a response to a motion

23    pursuant to LR 7-1(e).  Notwithstanding, LR7-1(g) permits the request for an expedited hearing.

24    Moreover, the District Court may set a different time to respond for "good cause" under the

25    Federal Rules of Civil Procedure, pursuant to FED. R. CIV. P. 6(c)(1)(C) .  Counsel for JSL is fully

26

**PAGE - 3**        **PLAINTIFF'S MEMORANDUM IN SUPPORT**
                   **OF MOTION FOR INTERLOCUTORY SALE**
                   **OF THE M/V GMT VENUS**

1   familiar with the facts of this case and the applicable legal authority for a Motion for Interlocutory

2   Sale, as provided for under the Supplemental Rules for Certain Admiralty and Maritime Claims.  In

3   the instant matter, the M/V GMT VENUS has been attached in the Port of Portland since March 28,

4   2011.

5       Given the aggregating daily costs and expenses and the deteriorating value of the vessel as a

6   result of the attachment, Plaintiff respectfully requests that the time for JSL to respond to the

7   pending motion be shortened and that a prompt hearing be set forthwith by this Honorable Court.

8   The district court "acting in its traditional role as an admiralty court of equity has always been

9

10  available to all parties and interests to resolve on short notice by appropriate proceedings any and all

11  issues which may arise as a consequence of a Rule B seizure." *Parcel Tankers, Inc. v. Formosa*

12  *Plastics Corp.*, 569 F. Supp. 1459, 1465 (S.D. Tex. 1983).

13
                                        **POINT II**
14
              **THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE**
15            <u>**THE SALE OF THE ATTACHED RES IN THESE CIRCUMSTANCES**</u>

16      Rule E (9)(a) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain

17  Admiralty and Maritime Claims (the "Supplemental Rules"), provides in relevant part regarding

18  interlocutory vessel sales:

19  (a) *Interlocutory Sales; Delivery.*

20      (i)     On application of a party, the marshal, or other person having custody of the property,
21              the court may order all or part of the property sold—with the sales proceeds, or as
                much of them as will satisfy the judgment, paid into court to await further orders of
22              the court—if:

23          (A)     the attached or arrested property is perishable, or liable to deterioration, decay,
                    or injury by being detained in custody pending the action;
24
            (B)     the expense of keeping the property is excessive or disproportionate; or
25
            (C)     there is an unreasonable delay in securing release of the property.
26
    Fed. Sup. R. E(9)(a).

**PAGE - 4**      **PLAINTIFF'S MEMORANDUM IN SUPPORT**
                  **OF MOTION FOR INTERLOCUTORY SALE**

Each of the three (3) enunciated reasons (deterioration, excessive costs and unreasonable delay) constitutes a separate and independent basis for interlocutory sale. *See Caterpillar Fin. Servs. Corp. v. Coleman*, 1999 U.S. Dist. LEXIS 22387, 2000 AMC 539, *1 (C.D. Cal. 1999); *see also Vineyard Bank v. M/Y Elizabeth I*, 2009 U.S. Dist. LEXIS 23844 (S.D. Cal. 2009); *Bank of Rio Vista v. Vessel Captain Pete*, 2004 U.S. Dist. LEXIS 21388, at * 2 (N.D. Cal. 2004).  In order to prevail on a motion for interlocutory sale, the movant need only show that one of the above listed conditions is satisfied.  *Caterpillar Fin. Servs. Corp.,* 1999 U.S. Dist. LEXIS 22387 at *1 (citing *Merchants National Bank of Mobile v. Dredge GENERAL G.L. GILLESPIE*, 663 F.2d 1338, 1341 (5th Cir. 1981)).

A.  <u>DISPROPORTIONATE COST OF KEEPING THE VESSEL UNDER ATTACHMENT.</u>

There can be no doubt that the expense of keeping the vessel idle and under attachment at Portland is either excessive, disproportionate, or both.  The daily costs and expenses incurred by the required services provided to maintain the vessel (from the time of its attachment through May 11, 2011) are USD 104,086.93[2].   In addition, the value of the vessel (which is approximately USD 4,900,000.00) is steadily eroding by her daily running costs that include, *inter alia*, crew wages, insurances, victualing, lubricants, and bunkers.  In total, it is likely that the value of the vessel has already eroded by costs and expenses approaching approximately USD 425,000 to USD 475,000 (*i.e.* nearly ten (10) percent of her real market value) – a state of affairs that benefits no one.

Under these circumstances, it would be appropriate for the Court to order the sale of the vessel as a conservatory measure to halt further economic deterioration of the *res*. *See Ferrous Financial Services Co. v. O/S ARCTIC PRODUCER*, 567 F. Supp. 400, 401 (W.D. Wash. 1983)

---

[2] This does not include the security guard fees that have also accrued at a rate of USD 3,840.00 per day.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR INTERLOCUTORY SALE OF THE M/V GMT VENUS**          CHALOS & CO., P.C.
123 South Street
Oyster Bay, New York 11771
Telephone:  (516) 714-4300

1    (finding expense excessive and delay unreasonable where cost of maintaining the vessel was USD
2    166,000 per year and defendant made no attempt to secure its release).

3        B.  <u>UNREASONABLE FAILURE OF THE OWNERS TO PROVIDE SECURITY</u>

4           Supplemental Rule E(5)(a) provides for the release of an attached vessel against owner's
5    adequate security.  Since the time of the attachment, there has only been preliminary and non-
6    substantial "without prejudice" indications from counsel for JSL that it might consider putting up
7    alternate security.  So far, these discussions have failed to bear any fruit. There has been no
8    meaningful movement on the part of the Defendant JSL to release the ship against security.

9

10         In these circumstances – *i.e.* the owner's unreasonable delay in providing security for the
11   release of the ship, Supplemental Rule E(9)(a) authorizes the interlocutory sale of the attached
12   vessel.  *See, e.g.*, *Ferris Financial Service Co.  v,. O.S. ARCTIC PRODUCER*, 567 F. Supp. 400
13   (W.D. Wash. 1983); *Merchants National Bank of Mobile v. Dredge GENERAL G.I. GILLESPIE*,
14   663 F.2d 1338, 1341-1342 (5th Cir. 1981); *Silver Star Enterprises, Inc. v. M/V SARAMACCA*, 19
15   F.3d 1008, 1014 (5th Cir. 1994).

16

17         In considering the reasonableness of Owner JSL's failure to provide security for the vessel's
18   release, the Court should consider the extraordinary circumstances that have led to the attachment of
19   the GMT VENUS, the refusal of JSL's alter-ego, Defendant Global Maritime Trust(s) Private Ltd.
20   ("GMT"), to comply with the Declaratory Award issued by the London Maritime Arbitration
21   Association Tribunal and failure to provide payment for amounts which are undisputely due and
22   owing under the award.  Moreover, the lack of credibility of Defendant JSL in its pleadings to this
23   Honorable Court and the efforts of GMT around the world to circumvent its obligations due and
24   owing are substantial reasons to order the immediate sale of the vessel.

25

26

    **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR INTERLOCUTORY SALE OF THE M/V GMT VENUS**      CHALOS & CO, P.C.
123 South Street
Oyster Bay, New York 11771
Telephone:  (516) 714-4300

1    Plaintiffs recognize the "general rule" that a defendant is given enough time to secure the

2    release of the vessel, typically understood to be four (4) months absent some other considerations,

3    before the Court will order an interlocutory sale.  *See United States v. F/V Fortune*, 1987 AMC

4    2351, 2352 (D. Alaska 1987) (citing *Ferris Financial Service Co.*, 567 F. Supp. at 401).   However,

5    it is respectfully submitted that the expensive costs of keeping the vessel attached in the port of

6    Portland, compared to the relative value of the vessel, warrants the immediate and prompt sale of the

7    vessel prior to the completion of a generic, non-binding, four (4) month term.

8

9    Furthermore, in assessing the failure of the owner of the vessel to provide security for her

10    release, the Court should take into account yet another factor. The GMT VENUS is a trading ship.

11    Her very economic survival depends on her ability to be fixed into chartered employment, which is

12    her very lifeblood that must flow uninterrupted.  A gap of forty-six (46) days' idleness in the life of a

13    trading vessel represents a significant loss in her earnings for the year that cannot be made up[3].  It is

14    by this measure that the reasonableness or not of the failure to provide security for the vessel's

15    release needs to be measured, not an arbitrary four (4) month period.  Losing forty-six (46) days'

16    worth of revenue is reason enough for the Owner of a vessel to provide security for her release from

17    attachment or arrest.  Nothing has been heard from the vessel's owners regarding a substantive plan

18    to provide security. The interlocutory sale of the vessel must inevitably follow.

19

20                                        <u>**CONCLUSION**</u>

21

22    For these reasons, an Order of this Honorable Court should be made directing the

23    interlocutory sale of the M/V GMT VENUS under Supplemental Admiralty Rule E(9)(a), as the cost

24

25    [3] As per the charter party agreement between GMT and Glovis Co., Ltd., Korea, the M/V GMT VENUS is to be paid at a
      hire rate of USD 8,500 per day pro rata.  *See* Amended Verified Complaint, Doc. #57, ¶ 79.  To date, the vessel has lost
26    approximately USD 391,000.00 in hire payments.

**PAGE - 7**          **PLAINTIFF'S MEMORANDUM IN SUPPORT**          CHALOS & CO, P.C.
                      **OF MOTION FOR INTERLOCUTORY SALE**           123 South Street
                      **OF THE M/V GMT VENUS**                        Oyster Bay, New York 11771
                                                                     Telephone:  (516) 714-4300

1   and expense in maintaining custody of the property is disproportionate to both the value of the claim

2   and the value of the vessel, and her owner is unreasonably delaying the provision of security to

3   release the property.

4

   DATED this 12th day of May, 2011.

5

                                        WOOD TATUM
6

7                                       /s/ Robert I. Sanders
                                        Robert I. Sanders OSB No. 70125
8                                       Email: ris@woodtatum.com
                                        6915 SW Macadam Avenue, Suite 115
9                                       Portland, Oregon 97219
                                        Tel: (503) 224-5430
10                                      Fax: (503) 241-7235

11                                      CHALOS & CO, P.C.

12                                      /s/ George M. Chalos
                                        George M. Chalos (admitted pro hac vice)
13                                      123 South Street
                                        Oyster Bay, New York 11771
14                                      Tel: (516) 714-4300
                                        Fax: (516) 750-9051
15                                      E-mail: gmc@chaloslaw.com

16

17

18

19

20

21

22

23

24

25

26

**PAGE - 8**     **PLAINTIFF'S MEMORANDUM IN SUPPORT**
                 **OF MOTION FOR INTERLOCUTORY SALE**
                 **OF THE M/V GMT VENUS**

CHALOS & CO, P.C.
123 South Street
Oyster Bay, New York 11771
Telephone: (516) 714-4300

1
## CERTIFICATE OF SERVICE

2
I hereby certify that I served the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN**

3
**SUPPORT OF MOTION FOR INTERLOCUTORY SALE OF THE M/V GMT VENUS** on the

4
following parties:

5

6
C. Kent Roberts
Noah Jarrett

7
Catherine Brinkman
SCHWABE, WILLIAMSON & WYATT, PC

8
1211 Southwest Fifth Avenue
Suites 1600-1900

9
Portland, OR 97204
Email: njarrett@schwabe.com

10
        cbrinkman@schwabe.com
        ckroberts@schwabe.com

11

12
Owen F. Duffy
Email: ofduffy@gmail.com

13
**Attorneys for Defendant JSL SA**

14
Carl R. Neil
LINDSAY HART NEIL & WEIGLER

15
1300 SW Fifth Avenue, Suite 3400
Portland, OR 97201-5640

16
Email: cneil@lindsayhart.com

17
**Attorneys for Cargo Owner Hyundai Motor America Corporation**

18
by CM/ECF a true and correct copy hereof to said parties on the date below:

19
DATED this 12th day of May, 2011.

20
CHALOS & CO, P.C.

21

22
/s/ George M. Chalos

23
George M. Chalos (*admitted pro hac vice*)
123 South Street

24
Oyster Bay, New York 11771
Telephone: (516) 714-4300

25
Fax: (516) 750-9051
E-mail: gmc@chaloslaw.com

26
Attorneys for Plaintiff