**Robert I. Sanders, OSB 70125**
Email: ris@woodtatum.com
**Todd A. Zilbert, OSB No. 89144**
Email: taz@woodtatum.com
**Wood Tatum**
6915 SW Macadam Avenue, Suite 115
Portland, Oregon 97219
Tel: (503) 224-5430
Fax: (503) 241-7235

**George M. Chalos** (*admitted pro hac vice*)
Email: gmc@chaloslaw.com
**Chalos & Co, P.C.**
123 South Street
Oyster Bay, New York 11771
Telephone: (516) 714-4300
Facsimile: (516) 750-9051

Attorneys for Plaintiffs
OS Shipping Co. Ltd., and
Assuranceforenigen Skuld (Gjensidig)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OS SHIPPING CO. LTD., and ASSURANCEFORENIGEN SKULD (GJENSIDIG), on its behalf and as subrogee of OS SHIPPING CO. LTD.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GLOBAL MARITIME TRUST(S) PRIVATE LIMITED, JS LINE SA, and HONG JAE HYUNG a/k/a JAY H. HONG**<br><br>Defendants. | Case No. Case No. 3:11-cv-377-BR<br><br>**IN ADMIRALTY**<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO APPROVE CERTAIN FEES AS CUSTODIA LEGIS EXPENSES** |

PAGE - 1    PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO APPROVE CERTAIN FEES AS CUSTODIA LEGIS EXPENSES

## INTRODUCTORY STATEMENT

COMES NOW, ASSURANCEFORENIGEN SKULD (GJENSIDIG) (hereinafter "SKULD" or "Plaintiff"), by and through undersigned counsel, and submits this Memorandum of Law in Support of the motion to approve certain fees as *custodia legis* expenses. For the reasons more fully set forth below and in the accompanying Declaration of George M. Chalos, Plaintiff respectfully requests that this Honorable Court enter an Order granting the motion.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

1. The M/V GMT VENUS was attached by the United States Marshal for the District of Oregon, pursuant to an Order authorizing process of maritime attachment and garnishment on March 28, 2011. *See* Docket #8 and Docket #9.

2. The Honorable Judge Garr M. King issued an Order for appointment of the substitute custodian on March 28, 2011, directing the United States Marshal for the District of Oregon to transfer custody of the M/V GMT VENUS following her attachment to the substitute custodian, Cascade Marine Agencies ("Cascade"). *See* Docket #7. Specifically, the Order provided, *inter alia*, as follows:

> …that all expenses from the date of service of the Writ of Attachment to the date of release from custody of the Court, including any and all expenses of the substitute custodian, shall be deemed administrative expenses of the U.S. Marshal…

*See* Docket #7.

3. The M/V GMT VENUS is currently in the custody of the substitute custodian Cascade in the District of Oregon.

4. JSL filed a Motion to Dismiss and Motion to Vacate attachment on March 31, 2011. *See* Docket #21.

5.  This Honorable Court issued its Order and Opinion denying Defendant JSL's Motion to Vacate attachment on May 6, 2011. *See* Docket #75.

6.  On May 12, 2011 under the cover of an email from the vessel's agent, Wilhelmsen Ships Service, various invoices for services provided to M/V GMT VENUS during the period of attachment (*i.e.* March 28, 2011 through May 12, 2011) were presented.

7.  Of the invoices presented, the services which are properly *custodia legis* expenses currently total **USD 105,706.93**[1]. Specifically, the following custodial services have been provided to the M/V GMT VENUS through May 12, 2011: Columbia River Pilots (USD 1402.67); Shaver Transportation – Tug (USD 9,165.26); Port of Portland – Dockage & Security T-6 (USD 11,876.00); Port of Portland – Dockage & Security T-4 (USD 81,055.00); Portland Lines Bureau (USD 2,208.00). *Copies of these invoices are attached to the George M. Chalos Declaration as Exhibit 1.*

8.  Plaintiff SKULD is willing, ready, and able to pay for the outstanding invoices that are *custodia legis* expenses, in the first instance.

9.  Plaintiff respectfully requests this Honorable Court issue an order approving the *custodia legis* fees.

## ARGUMENT

### A. The District Court has the Authority to Designate *Custodia Legis* Expenses

*Custodia legis* expenses are defined as expenses incurred "when a vessel is in the custody of

---

[1] Also included among the invoices were costs and fees that are not *custodia legis* expenses. The following items are operational costs which are properly for the account of the Owners of the M/V GMT VENUS: Executive Marine Courier (USD 265.00); Executive Security Service (USD 176,640.00); and Agency Fee (USD 4,380.00). The four (4) armed security guards provided by Executive Security Service are required to remain on board at the direction of the U.S. Coast Guard and in accordance with the Captain of the Port Order of March 25, 2011. The courier costs, agency fees, and security guard costs are not *custodia legis* expenses incurred to preserve and maintain the value of the vessel. Rather, these are operational costs which are properly for the account of the vessel Owners.

the law, having been seized by the Marshal." *United States v. One (1) 254 Ft. Freighter, the M/V Andoria*, 570 F. Supp. 413, 416 (E.D. La. 1983) (*internal citations omitted*). Only expenses "for services or property furnished [to a vessel] after its seizure by the U.S. Marshal…can be considered to have been incurred while the vessel was *in custodia legis*." *Fortis Bank (Nederland) N.V. v. M/V Shamrock*, 379 F. Supp. 2d 2, 8 (D. Me. 2005) (citing *One (1) 254 Ft. Freighter, the M/V Andoria*, 570 F. Supp. at 416); *see also Morgan Guaranty Trust Co. v. Hellenic Lines, Ltd.*, 593 F. Supp. 1004, 1010 (S.D.N.Y. 1984)("Services or property advanced to preserve and maintain the arrested vessels, furnished upon authority of the court, are allowable as *custodia legis* expenses.")

It is a well-settled principle that "in order to qualify for preferential treatment as an expense *in custodia legis*, an expense must be incurred upon the authority of the court or its officer, and be for the common benefit of those interested in [the] fund." *Fortis Bank (Nederland) N.V. v. M/V Shamrock*, 379 F. Supp. 2d 2, 8 (D. Me. 2005) (*citing Oil Shipping (Bunkering) B.V. v. Sonmez Denizcilik Ve Ticaret A.S.*, 10 F.3d 176, 182 (3d Cir. 1993)); s*ee also Barwil ASCA v. M/V SAVA*, 44 F. Supp. 2d 484, 489 (E.D.N.Y. 1999) (Court granted Plaintiff's request for reimbursement of expenses *in custodia legis*, specifically US Marshal fees and payments to substitute custodian.)

The general rule is that no liens may accrue against a vessel once she has been attached or arrested. An exception, arising out of equitable province of the court, applies to any service furnished to a vessel, while in the court's custody, that contributes to the preservation of the value of the asset or the creation of fund from the vessel's sale. *See Transamerica Commercial Finance v. F/V SMILELEE*, 944 F.2d 186, 189 (4th Cir. 1991) (citing *New York Dry Dock v. S/S POZNAN,* 274 U.S. 117, 122-23, 71 L. Ed. 955, 47 S. Ct. 482 (1927) ("The most elementary notion of justice would seem to require that services or property furnished upon the authority of the court or its officer,

1  acting within his authority, for the common benefit of those interested in a fund administered by the
2  court, should be paid from the fund as an 'expense of justice.'").

3  This general rule has long been recognized by the Ninth Circuit Court of Appeals and the
4  district courts herein.  "The custodial court *must* have the power to incur debts and to guarantee their
5  repayment." *United States v. The Audrey II*, 185 F. Supp. 777, 781 (N.D. Cal. 1960) (emphasis
6  added) (*citing New York Dry Dock,* 274 U.S. at 122.)  Not only are custodial courts capable of
7  creating liens, but the *in custodia legis* doctrine affords the district court the equitable authority to
8  recognize and honor the claims which arise during the vessel's custody. *Id.* (citing *The Willamette
9  Valley*, 66 F. 565, 568 (9th Cir. 1895)).

11  **B.  *Custodia Legis* Expenses Incurred by M/V GMT VENUS**

12  In the instant matter, *custodia legis* expenses in an amount of USD **105,706.93** have been
13  incurred during the vessel's attachment at the port of Portland, through May 12, 2011, and continue
14  to accrue daily.  Plaintiff respectfully submits that given the considerable costs accruing daily, and
15  that these expenses are being incurred to maintain and preserve the value of the asset, it is
16  appropriate for this Honorable Court to designate same as *custodia legis* expenses.

18  In order to avoid any risk of not being given first priority to reimbursement for these
19  necessary preservation and maintenance costs following the judicial sale of the vessel, Plaintiff
20  respectfully seeks the preemptive designation of the costs and fees as *custodia legis* expenses by
21  Your Honor.  *See Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1273 (11th Cir.
22  2006) (quoting *Bassis v. Universal Line, S. A.*, 484 F.2d 1065, 1068 (2d Cir. 1973) ("[T]hose
23  furnishing custodial services to a ship *in custodia legis* are gambling on a wholly unpredictable
24  result unless they take the precaution of having their services authorized in advance by an order of

PAGE - 5    PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION TO APPROVE CERTAIN FEES
AS CUSTODIA LEGIS EXPENSES

CHALOS & CO, P.C.
123 South Street
Oyster Bay, New York 11771
Telephone:  (516) 714-4300

the custodial court." (internal quotation marks omitted)); *Payne v. S.S. Tropic Breeze*, 423 F.2d 236, 239 (1st Cir. 1970) ("Expenditures while a ship is *in custodia legis* do not give rise to maritime liens. . . . [But] a district court, sitting in admiralty, has the equitable power to give priority to [such] claims.").

The Supreme Court has long recognized, "equity is no stranger in admiralty; admiralty courts are, indeed, authorized to grant equitable relief." *Vaughan v. Atkinson*, 369 U.S. 527, 530 (1962) (citing *Swift & Co. v. Compania Caribe*, 339 U.S. 684, 691-692 (1950)). In *Swift & Co. v. Compania Caribe*, the Supreme Court stated that it "find[s] no restriction upon admiralty by chancery so unrelenting as to bar the grant of any equitable relief even when that relief is subsidiary to issues wholly within admiralty jurisdiction." 339 U.S. at 691-692.

## CONCLUSION

For the foregoing reasons, Plaintiff SKULD respectfully requests that this Court: (i) grant the instant motion to approve the fees and expenses totaling **USD 105,706.93** that have accrued to maintain the vessel as *custodia legis* expenses, and (ii) award such other and further relief as it deems just and proper, under the circumstances.

DATED this 12th day of May, 2011.

**Respectfully Submitted**,

WOOD TATUM

/s/ Robert I. Sanders
Robert I. Sanders OSB No. 70125
Email: ris@woodtatum.com
6915 SW Macadam Avenue, Suite 115
Portland, Oregon 97219
Tel: (503) 224-5430
Fax: (503) 241-7235

1
2
3
4
5

                                                                                                            CHALOS & CO, P.C.

/s/ George M. Chalos_____
George M. Chalos (*admitted pro hac vice*)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
E-mail: gmc@chaloslaw.com

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PAGE - 7      PLAINTIFFS' MEMORANDUM IN SUPPORT
               OF MOTION TO APPROVE CERTAIN FEES
               AS CUSTODIA LEGIS EXPENSES

CHALOS & CO, P.C.
123 South Street
Oyster Bay, New York 11771
Telephone: (516) 714-4300

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO APPROVE CERTAIN FEES AS CUSTODIA LEGIS EXPENSES** on the following parties:

C. Kent Roberts
Noah Jarrett
Catherine Brinkman
SCHWABE, WILLIAMSON & WYATT, PC
1211 Southwest Fifth Avenue
Suites 1600-1900
Portland, OR 97204
Email: njarrett@schwabe.com
       cbrinkman@schwabe.com
       ckroberts@schwabe.com

Owen F. Duffy
Email: ofduffy@gmail.com
**Attorneys for Defendant JSL SA**

Carl R. Neil
LINDSAY HART NEIL & WEIGLER
1300 SW Fifth Avenue, Suite 3400
Portland, OR 97201-5640
Email: cneil@lindsayhart.com
**Attorneys for Cargo Owner Hyundai Motor America Corporation**

by CM/ECF a true and correct copy hereof to said parties on the date below:

DATED this 12th day of May, 2011.

CHALOS & CO, P.C.

/s/ George M. Chalos
George M. Chalos (*admitted pro hac vice*)
123 South Street
Oyster Bay, New York 11771
Telephone: (516) 714-4300
Fax: (516) 750-9051
E-mail:  gmc@chaloslaw.com
Attorneys for Plaintiffs

CHALOS & CO, P.C.
123 South Street
Oyster Bay, New York 11771
Telephone:  (516) 714-4300

PAGE - 8      CERTIFICATE OF SERVICE