**C. Kent Roberts, OSB #801010**
Email ckroberts@schwabe.com
**Noah Jarrett, OSB #994484**
Email njarrett@schwabe.com
**Catherine B. Brinkman, OSB #002134**
Email cbrinkman@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981
Fax 503.796.2900

**Owen F. Duffy, III** (*admitted pro hac vice*)
Email owen@oduffy-law.com
Law Office of Owen F. Duffy
5 Penn Plaza, 19th Floor
New York, NY  10001
Telephone 516.721.8793
Fax 212.849.6901

Of Attorneys for Defendant, JS Line SA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OS SHIPPING CO. LTD. and ASSURANCEFORENIGEN SKULD (GJENSIDIG), on its own behalf and as subrogee of OSS SHIPPING CO. LTD.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**GLOBAL MARITIME TRUST(S) PRIVATE LIMITED; JS LINE SA; and HONG JAE HYUNG, aka JAY H. JONG,**<br><br>Defendants. | No. CV11-377-BR<br><br>In Admiralty<br><br>MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR AN ORDER DIRECTING PLAINTIFF SKULD TO FUND PAYMENT OF SECURITY GUARDS FOR THE M.V. GMT VENUS WHICH ARE REQUIRED BY THE U.S.C.G. CAPTAIN OF THE PORT |

Defendant JS Line SA ("JS Line") submits the following argument in Support of its

Page 1 -    JS LINE SA'S MEMO OF LAW IN SUPPORT OF AN
            ORDER DIRECTING SKULD TO PAY COSTS OF
            SECURITY GUARDS ONBOARD THE GMT VENUS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

request for an Order directing Plaintiff ASSURANCEFORENIGEN SKULD (GJENSIDIG) ("Skuld") to pay for the costs that have been presented by Executive Security Services, Inc. and to further engage Executive Security Services, Inc. to continue providing guards while the M/V GMT VENUS remains subject to Process of Maritime Attachment.

I.   **INTRODUCTION**

The M.V. GMT VENUS is presently detained in the Port of Portland, Oregon pursuant to Process of Maritime Attachment obtained by the Plaintiff OS Shipping Co. Ltd. ("OSS") on March 28, 2011. On Motion of the Plaintiff OSS, this Court entered an Order the same day appointing Cascade Marine Agencies as substitute custodian of the M/V GMT VENUS in replacement of the U.S. Marshal. *See,* D.E. # 7. The Court's Order further provided "all expenses from the date of service of the Writ of Attachment to the date of release from custody of the Court, including all expenses of he substitute custodian, shall be deemed administrative expenses of the U.S. Marshal." *Id.*

The Captain of the Port for the U.S. Coast Guard Sector Columbia River, under the authority of 46 U.S.C. § 70110, is requiring the M.V. GMT VENUS to maintain four (4) armed security guards on board the vessel while it remains in the Port of Portland. *See,* the accompanying Declaration of Owen Duffy at ¶ 4 and Ex. 2. The security guards on board the M/V GMT VENUS are being provided by Executive Security Services, Inc. at a cost of $3,840.00 per day. *See,* Declaration of Owen Duffy at ¶ 15 and Ex. 5. But for one amount of $1,280.00 billed for March 27, 2011, the charges presented by Executive Security Services, Inc. are "expenses from the date of service of the Writ of Attachment" as covered by this Court's Order. However, Executive Security Service, Inc. has not been paid for the services rendered from March 28, 2011 through May 12, 2011 in the amount of $176,000.00. *See,* Declaration of Owen Duffy at ¶ 15 & Ex. 5 .

As a consequence of the non-payment for the guards, the parties to this action have been advised:
"Please be advised security contract will expire on

Page 2 -   JS LINE SA'S MEMO OF LAW IN SUPPORT OF AN
            ORDER DIRECTING SKULD TO PAY COSTS OF
            SECURITY GUARDS ONBOARD THE GMT VENUS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

```
13th May, 2011. Without security engagement the
vessel will be found in violation of USCG / COTP and
subject to daily penalty of USD40,000 (250,000) with
possible imprisonment of the master for failure to
comply."
```

*See*, Declaration of Owen Duffy at ¶ 13 and Ex. 4.

The Plaintiffs OSS and Skuld have refused to satisfy the invoices from Executive Security Services, Inc. or to otherwise engage Executive Security Services, Inc. to continue providing the necessary guards. *See*, Declaration of Owen Duffy at ¶ 17. This matter is urgent because the M.V. GMT VENUS will be subject to monetary penalties and the Master of the M/V GMT VENUS is facing imprisonment. *See*, Declaration of Owen Duffy at ¶ 13 and Ex. 4.

The Plaintiff Skuld is responsible to provide the necessary funding to their nominated custodian so as to avoid the monetary penalties and, and more importantly, to protect the Master of the vessel from the threat of imprisonment. Accordingly, the Defendant JS Line is requesting the Court to intervene and enter an Order directing the Plaintiff Skuld to comply with its obligations to pay Executive Security Services, Inc. for the service rendered thus far and to continue engaging Executive Security Services, Inc. to provide guards.

With this Memorandum of Law, the Defendant JS Line presents its legal argument in support of its request for an Order directing Plaintiff Skuld to pay for the costs presented by Executive Security Services, Inc.

## II.     LEGAL ARGUMENT

### A.     The Plaintiff Skuld is responsible for the charges presented by Executive Security Services, Inc. as per the Court's Order.

As noted above, this Court granted Plaintiff OSS' motion for the appointment of a substitute custodian. With its application for a substitute custodian, the Plaintiff presented a declaration from Cascade Marine Agencies whereby it represented to the Court that: "Cascade Marine Agencies, Ltd. is able to arrange for and provide services necessary for the safekeeping

Page 3 -   JS LINE SA'S MEMO OF LAW IN SUPPORT OF AN
           ORDER DIRECTING SKULD TO PAY COSTS OF
           SECURITY GUARDS ONBOARD THE GMT VENUS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

of the vessel while under arrest by the U.S. Marshal and in the substitute custody of Cascade Marine Agencies, Ltd." *See*, D.E. #3. Based on that representation, the Court entered an Order providing "all expenses from the date of service of the Writ of Attachment to the date of release from custody of the Court, including all expenses of the substitute custodian, shall be deemed administrative expenses of the U.S. Marshal." *See*, D.E. # 7.

The Court's Order is not ambiguous for it speaks to "all expenses" without qualification, *See*, D.E. # 7. Any plain of reading of the Court's Order leads to the inevitable conclusion that the expenses presented by Executive Security Services, Inc. most certainly fall within that broad category of "all expenses."

These expenses need to be paid by Cascade Marine Agencies, Ltd., as custodian, with funds provided by the arresting party, Plaintiff Skuld. *See e.g.*, Lubricantes Venoco, International, C.A. v. M/V NEVERIS, 60 Fed. Appx. 835, 837 (5th Cir. 2003)("As substitute custodian Fyffe was responsible for the supervision and safekeeping of the vessel. Venoco, as arresting party, assumed responsibility for the expenses Fyffes incurred while acting as substitute custodian.").

**B.    The Plaintiff Skuld is, in any event, responsible for the charges presented by Executive Security Services, Inc. as a matter of law.**

In the case entitled Lubricantes Venoco, International, C.A. v. M/V NEVERIS, the Court of Appeals for the Fifth Circuit was considering an arresting party's appeal from the district court's order granting a vessel custodian's motion to be paid for expenses incurred while acting as the substitute custodian for the M/V NEVERIS. Among other things, the Court of Appeals held:

> It is a well-established tenet of admiralty law that the arresting plaintiff and the intervening plaintiffs share in the costs of maintaining the res until resolution of the case. See *Beauregard Inc. v. Sword Servs. L.L.C., 107 F.3d 351, 353 (5th Cir. 1997)*; *Kenco, 81 F.3d at 873*; *Forscht, 821 F.2d at 1561*; see also D.P.R. LAR (E)(11)(b).

60 Fed. Appx. 835, 842 (5th Cir. 2003).

Page 4 -    JS LINE SA'S MEMO OF LAW IN SUPPORT OF AN ORDER DIRECTING SKULD TO PAY COSTS OF SECURITY GUARDS ONBOARD THE GMT VENUS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

The same well-established tenet of admiralty law that the plaintiff is to pay the costs of maintaining a vessel under arrest is applicable to the issue of the costs for security guards presented with this motion. The Plaintiffs arrested the M.V. GMT VENUS, the services of Executive Security Service, Inc. are necessary to maintain the vessel in the Port of Portland and, therefore, the Plaintiffs are obligated to pay the costs of maintaining the *res* until the resolution of this case.

The costs of maintaining a vessel that is detained by process of attachment or arrest are commonly referred to as *custodia legis* or administrative costs. These terms cover a wide variety of costs. New York Dock Co. v. The PONZAN, 274 U.S. 117, 47 S.Ct. 482, 71 L.Ed. 955 (1927) (wharfage was considered a *custodia legis* expense and, therefore, entitled to a preference from the proceeds of the vessel); *see also*, P.T. Perusahaan Pelayaran Samudera Trikora Lloyd v. T.S. Salzachtal, 373 F. Supp. 267 (E.D.N.Y. 1974) (repairs, lube oil, pilotage, stores, USDA inspections, medical treatment); Calogeras Marine Inc. v. M/V OCEAN LEADER, 1997 U.S. Dist. LEXIS 17791 (E.D.La. 1997)(vessel movement, crew services, agency expenses, cargo discharge, and a bonus paid to the Master of the vessel); and, General Electric Credit & Leasing Corporation v. Drill Ship MISSION EXPLORER, 668 F.2d 811, 816 (5th Cir. 1982)(food catering services for the members of the crew that remained on board the arrested vessel at the direction of the court-appointed vessel custodian).

*Custodia legis* costs are those "necessary to minimize the possibility of additional claims against the vessels and to maximize the possibility of a sale at a good price." Morgan Guaranty Trust Co. v. Hellenic Lines, Ltd., 593 F. Supp. 1004, 1010 (S.D.N.Y. 1984). In Morgan Guaranty, one of the many issues involved the discharge of iron ore cargo from the M/V HELLENIC STAR when certain claimants opposed having those costs treated as administrative expenses because they claimed that NARCO was contractually obligated to pay for the discharge of the ore wherever located and that NARCO discharged the ore solely for its own benefit. *Id.* at 1013. The district court held that the discharge of the cargo minimized the possibility of

Page 5 -   JS LINE SA'S MEMO OF LAW IN SUPPORT OF AN ORDER DIRECTING SKULD TO PAY COSTS OF SECURITY GUARDS ONBOARD THE GMT VENUS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

additional claims and made the vessels attractive to prospective buyers so that these costs and amounts spent for storage of the cargo were treated as administrative expenses. *Id.*

In this case, if the charges presented by Executive Security Services, Inc. are not promptly paid, there is a clear and imminent danger that the United States Coast Guard will assert penalty claims against the M/V GMT VENUS or seek to imprison the Master of the vessel. The possibility of such action needs to be minimized. Like the discharging costs presented in Morgan Guaranty, the charges presented by Executive Security Services, Inc. are most certainly costs necessary to minimize the possibility of additional claims against the M.V. GMT VENUS, *i.e. custodia legis* expenses, and they need to be treated as administrative costs which are to be paid, in the first instance, by Plaintiff Skuld.

The registered Owner of the M.V. GMT VENUS, defendant JS Line SA, is not responsible for the charges of Executive Security Services, Inc. and it cannot arrange for Executive Security Services, Inc. to continue providing guards to comply with the Coast Guard's order. The reason is that JS Line is not in possession and control of the vessel and, more specifically, because the attachment of the vessel terminated the Owner's ability to contract for services. *See e.g.*, HGN Corporation v. M/V COINESCO ALFA, *et al*, 1985 A.M.C. 1083 (S.D. Ca. 1984)("the seizure of the vessel under federal process terminates the power of the master or owner to bind the vessel.").

      C.    **The Motion of Plaintiff Skuld for Approval of Custodia Legis Expenses is disingenuous.**

This motion is not submitted in response to either the Plaintiff Skuld's Motion to Sell the M/V GMT VENUS or the Motion to Approve certain fees as Custodia Legis Expenses. *See,* D.E. # 76 and D.E. # 79. The Defendant JS Line reserves its right to respond to those motions within the time allowed by the Rules of Procedure or as set by the Court.

Nevertheless, it is important to point out that Plaintiff Skuld's Motion Approve certain fees as Custodia Legis Expenses is disingenuous to the extent that Plaintiff Skuld has made

Page 6 -   JS LINE SA'S MEMO OF LAW IN SUPPORT OF AN ORDER DIRECTING SKULD TO PAY COSTS OF SECURITY GUARDS ONBOARD THE GMT VENUS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

mention of the charges presented by Executive Security Services, Inc. only in a footnote, Instead, the Plaintiff Skuld only mentions the charges presented by the Columbia River Pilots, the Shaver Tug Company, the Port of Portland for dockage and security and the Portland Lines bureau. The Plaintiff Skuld attempts to distinguish the charges of Executive Security Services, Inc. as being operational expenses and, without any authority, asserts that these costs are for the account of the vessel Owner.

The Plaintiff Skuld's Motion is unnecessary insofar as the Court has already ordered that all of those expenses that Skuld maintains as being *custodia legis* expenses are to be treated as administrative expenses. In that regard, it can only be inferred that Plaintiff Skuld is seeking a further order for the specific purpose of omitting the charges of Executive Security Services, Inc. as an administrative expense in order to avoid having to pay those expenses in the first instance. However, the dismissive claim of claim of "operational costs" fails to recognize that the vessel is in the custody and possession of Plaintiff Skuld's nominated custodian and the custodian is now responsible for all operational expenses.

### D. This Motion should be addressed as a matter of priority with a shortened briefing schedule.

Because of the imminent threat that the United States Coast Guard will start imposing penalties against the M/V GMT VENUS, the Owner of the vessel or the vessel's Master, it is respectfully submitted that there is good cause for the District Court to set a shortened period of time for Plaintiff Skuld to respond to this motion.

### III. CONCLUSION

Because this Court has ordered that all expenses for the M/V GMT VENUS are administrative expenses and the charges presented by Executive Security Service, Inc. are necessary to minimize claims against the vessel and to protect the Master of the vessel, the Court should enter an order directing the Plaintiff Skuld to pay for the costs that have been presented by Executive Security Services, Inc. and to further engage Executive Security Services, Inc. to

Page 7 -   JS LINE SA'S MEMO OF LAW IN SUPPORT OF AN
ORDER DIRECTING SKULD TO PAY COSTS OF
SECURITY GUARDS ONBOARD THE GMT VENUS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

continue providing guards while the M/V GMT VENUS remains subject to Process of Maritime Attachment.

Dated this 13th day of May, 2011.

                Respectfully submitted
                SCHWABE, WILLIAMSON & WYATT, P.C. and
                LAW OFFICE OF OWEN F. DUFFY,

By: _____
        C. Kent Roberts, OSB #801010
        Noah Jarrett, OSB #994484
        Catherine B. Brinkman, OSB #002134
        Telephone 503.222.9981
        Owen F. Duffy, admitted *pro hac vice*
        Of Attorneys for Defendant, JS Line SA

Trial Attorney: C. Kent Roberts

Page 8 -   JS LINE SA'S MEMO OF LAW IN SUPPORT OF AN ORDER DIRECTING SKULD TO PAY COSTS OF SECURITY GUARDS ONBOARD THE GMT VENUS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900