**C. Kent Roberts, OSB #801010**
Email ckroberts@schwabe.com
**Noah Jarrett, OSB #994484**
Email njarrett@schwabe.com
**Catherine B. Brinkman, OSB #002134**
Email cbrinkman@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

**Owen F. Duffy, III** (*admitted pro hac vice*)
Email owen@oduffy-law.com
Law Office of Owen F. Duffy
5 Penn Plaza, 19th Floor
New York, NY 10001
Telephone 516.721.8793
Fax 212.849.6901

Of Attorneys for Defendant, JS Line SA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OS SHIPPING CO. LTD. and ASSURANCEFORENIGEN SKULD (GJENSIDIG), on its own behalf and as subrogee of OSS SHIPPING CO. LTD.**,<br><br>Plaintiffs,<br><br>vs.<br><br>**GLOBAL MARITIME TRUST(S) PRIVATE LIMITED; JS LINE SA; and HONG JAE HYUNG, aka JAY H. JONG,**<br><br>Defendants. | No. CV11-377-BR<br><br>In Admiralty<br><br>JS LINE'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR OS SHIPPING CO. LTD.<br><br>ORAL ARGUMENT REQUESTED |

/ / /

Page 1 -   JS LINE'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR OS SHIPPING CO. LTD.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/123416/180819/CKR/7602262.1

JS Line offers the following Opposition to plaintiffs' counsel's motion to withdraw from further representing OS Shipping Co. Ltd. (OSS).

## I.     INTRODUCTION

JS Line opposes the withdrawal of counsel for OSS.  Unless current plaintiffs' counsel rights the wrong created by filing the verified complaint and amended verified complaint, the withdrawal will put JS Line in an entirely untenable position and subject it to prejudice.  Simply put, we now know that (a) claims of OSS were not and are not part of the London Arbitration on which security was sought in the verified complaint in this action, (b) OSS has told JS Line that OSS did not authorize plaintiff counsel to file for attachment against the GMT Venus and did not learn of the attachment until after it occurred, and (c) if Skuld is subrogated to any claims, which is not conceded, it is only relating to certain Libya cargo, not any other claims OSS might have.  Yet someone purportedly authorized commencement of a maritime attachment for security on arbitration claims stated at over $6,900,000.  Because of what we now know, the Verified Complaint and Amended Verified Complaint plaintiffs filed were hugely overstated and likely prevented the earlier resolution of the claim for security, sparking an alter ego battle that could have been avoided.  Rather than dealing with a single, purportedly subrogated claim for $1,000,000 plus costs, JS Line faced a $6,900,000 claim, the details of which Plaintiffs refused to disclose until compelled to do so by the London Arbitration Tribunal in May.  The withdrawal of counsel will leave a ghost plaintiff in the case, whose hugely overstated claim of $3,850,000 (plus costs and interest) will prevent the Court from fully disposing of the case and releasing the vessel from this attachment after reasonable security is set.  Accordingly, JS Line requests that the Court deny counsel's motion to withdraw and order OSS to provide a proper party verification of the Amended Complaint.

## II.    Plaintiffs' claims have been Exaggerated throughout this proceeding

As demonstrated in JS Line's motion to set security and accompanying argument, the claims presented by plaintiffs have been exaggerated throughout this matter.  For unstated

Page 2 -   JS LINE'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR OS SHIPPING CO. LTD

PDX/123416/180819/CKR/7602262.1

SCHWABE, WILLIAMSON & WYATT, P C
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

strategic considerations, OSS and then Skuld chose to allege claims greatly in excess of any damages to which they would be entitled even if they proved their substantive claims in Arbitration. Plaintiff Skuld's claim is overstuffed with alleged damages for the specification or quality of the cargo rather than transit damage. JS Line reserves all arguments and defenses, and admits no merit to Skuld's claim. Notwithstanding these defenses, JS Line demonstrated that the *amount* of that claim is *fairly stated* at only $152,967.60, not $1,000,000 as Skuld alleges. (Dkt. No. 90, at 11-13).

Similarly, plaintiff OSS' claim is not even at issue in the London Arbitration. (Dkt. No. 90, at 20). That much was confirmed by the solicitors in the London Arbitration on May 16, 2011-almost a month after counsel filed the Verified Amended Complaint in this matter. The solicitors appearing in the London Arbitration confirmed they have no authority to pursue any damages on behalf of OSS, only Skuld. (Dkt. No. 90, at 21). Thus, the Verified Complaint and the Amended Verified Complaint overstate plaintiffs' claims by millions of dollars. Counsel should not be permitted to withdraw until the Amended Verified Complaint is either properly verified by plaintiffs, or the claims which cannot be so verified are dismissed.

### III. The Amended Verified Complaint will not be properly verified if Counsel withdraws

Supplemental Admiralty Rule B requires that, to support an attachment, a complaint must be verified. Plaintiffs' counsel filed an amended complaint in which plaintiffs asserted claims including, among others, the claim by OSS for $3,850,000 for unpaid hire and damage to cargo. *See* Dkt. No. 57, ¶ 28. That amended complaint was verified only by Mr. Chalos, as counsel for OSS. Dkt. No. 57, at 22. Obviously, if Mr. Chalos withdraws, the amended verified complaint will no longer be verified as to the claims by OSS.

Counsel's current motion to withdraw raises concerns as to whether that amended complaint was ever properly verified, and whether plaintiffs ever possessed the rights to pursue claims on behalf of OSS. That plaintiff's apparent unwillingness to even respond to counsel's demand for a retainer, or to provide instruction to counsel to pursue a claim for $3,850,000 is

Page 3 -   JS LINE'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR OS SHIPPING CO. LTD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/123416/180819/CKR/7602262.1

inexplicable. Further, since this is an action for security in arbitration, the recent discovery that the OSS claims are not in the London Arbitration means that the verification is no longer correct, if it ever was. Accordingly, counsel for JS Line requested that plaintiffs replace the counsel verification with the verification of a party under Local Admiralty Rule 1005-1. Ex. 1 to Roberts Declaration, filed contemporaneously herewith. That rule provides that:

> "Verification of pleadings and of claims to property must be by a party or, if a corporation, by an officer of the corporation, or by an attorney for that party or corporation. If the personal oath or solemn affirmation of a party is demanded, the Court may, on good cause, require the same and stay the proceedings a reasonable time for the securing thereof."

JS Line suggests that good cause here exists to require plaintiffs to verify the complaint and amended verified complaint to sustain the attachment for their claims. Specifically, OSS is not pursuing claims in the arbitration, and thus Skuld's counsel in that arbitration knew that the OSS claims should not be in this case. The Chalos Declaration, (Dkt No. 104) indicates that he was instructed (by some unidentified party) to pursue both plaintiffs' claims. *Id.*, at ¶4. Counsel is careful to point out that he has made "repeated requests for affirmative instructions" and OSS has never responded. *Id.*, at ¶5-6. Moreover, it appears OSS has never even paid Mr. Chalos his requested retainer and has never even made "meaningful contact with [his] client." *Id.* From his declaration, it appears that Mr. Chalos *never* had instructions from OSS to do *anything*. If he was instead given instructions from Skuld to bring these claims, then Skuld needs to verify the authority to bring such claims in this Court. That is the purpose of the verification requirement in Rule B and this Court's Local Admiralty Rule 1005-1.

Despite this absence of authority, counsel for plaintiffs dismissed JS Line's demand for a party verification and one has not been offered. Ex. 1 to Roberts Declaration. Since it appears OSS is not participating in this action and was not part of the London Arbitration, counsel's confidence in those original verifications appears misplaced. By attempting to now resign,

Page 4 -   JS LINE'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR OS SHIPPING CO. LTD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/123416/180819/CKR/7602262.1

counsel is leaving it to JS Line to clean up the mess that counsel, and their client, apparently Skuld, have created.

### IV. Request for Relief

Unfortunately, if plaintiffs' counsel is allowed to withdraw from the representation of OSS, JS Line has no ability to force OSS to provide that verification. Accordingly, JS Line suggests that the Court Order counsel to file a party verification from both plaintiffs, and to stay this case, in accordance with Local Admiralty Rule 1005-1 until this occurs. If counsel is unwilling or unable to provide the verification by OSS, then the party that did authorize the filing of such claims, apparently Skuld, must dismiss the claims dismissed from this proceeding, leaving only the claims that Skuld claims authority to pursue in arbitration. Upon this action, plaintiffs' counsel's representation of OSS would be irrelevant and the Court may order their resignations from representing OSS.

### V. CONCLUSION

If counsel is permitted to withdraw from representing OSS under these circumstances, then plaintiffs' vastly overstated claims will continue to prevent the orderly setting of security.

Dated this 7th day of June, 2011.

Respectfully submitted

SCHWABE, WILLIAMSON & WYATT, P.C. and
LAW OFFICE OF OWEN F. DUFFY,

By: _____
C. Kent Roberts, OSB #801010
Noah Jarrett, OSB #994484
Catherine B. Brinkman, OSB #002134
Telephone 503.222.9981
Owen F. Duffy, admitted *pro hac vice*
Of Attorneys for Defendant, JS Line SA

Page 5 -    JS LINE'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR OS SHIPPING CO. LTD
PDX/123416/180819/CKR/7602262.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900